

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  | § |  |
|---|---|---|
| SERGIO LUEVANO, | | No. 08-12-00345-CR |
| | § | |
| Appellant, | | Appeal from |
| | § | |
| v. | | 34th District Court |
| | § | |
| THE STATE OF TEXAS, | | of El Paso County, Texas |
| | § | |
| Appellee. | | (TC # 20110D00874) |
| | § | |

## MEMORANDUM OPINION

Sergio Luevano is appealing his conviction of indecency with a child. A jury found Appellant guilty and assessed his punishment at imprisonment for a term of twenty years. Finding that the record does not contain a certification of Appellant's right to appeal, we dismiss the appeal.

Rule 25.2(d) requires the trial court to certify whether the defendant has a right of appeal under Rule 25.2(a)(2). TEX.R.APP.P. 25.2(a), (d). The Clerk's Office notified Appellant by letter on November 16, 2012 and on December 20, 2012 that the record does not include the trial court's certification and the Court would dismiss the appeal if it was not made part of the record. The Court has also granted the requests of Appellant's counsel for additional time to obtain the certification and file it, but the certification has not been filed. The second extension period expired on March 1, 2013 and the certification still has not been filed.

Rule 25.2(d) provides that an appellate court must dismiss an appeal without further action if the record does not contain a certification showing the defendant's right of appeal. TEX.R.APP.P. 25.2(d); *Chavez v. State*, 183 S.W.3d 675, 680 (Tex.Crim.App. 2006); *see Dears v. State*, 154 S.W.3d 610, 613 (Tex.Crim.App. 2005). As stated above, the record before us does not include the certification. Accordingly, the appeal is dismissed.

March 28, 2013

ANN CRAWFORD McCLURE, Chief Justice

Before McClure, C.J., Rivera, and Rodriguez, JJ.

(Do Not Publish)